Oliver **BUTTERWORTH** et al., Plaintiffs,

v.

John **DEMPSEY** et al., Defendants.

**Civ. No. 9571.**

United States District Court
D. Connecticut.

Amendments to Judgment July 29
and Oct. 29, 1964.

Memorandum Re Further Amendment
to Judgment Sept. 24, 1964.

Memorandum Re Relief Pursuant to
Mandate of Supreme Court
Oct. 29, 1964.

Order Joining Leaders of Senate and
House of Representatives as Parties Defendant Oct. 29, 1964.

Order that Special Master be Appointed
Oct. 29, 1964.

Memorandum on Motion for Approval
of Action of General Assembly
Jan. 22, 1965.

Donald F. Keefe, of Gumbart, Corbin, Tyler & Cooper, New Haven, Conn. (William L. F. Felstiner and Milton P. DeVane, of Gumbart, Corbin, Tyler & Cooper, New Haven, Conn., on the brief), for plaintiffs.

Harold M. Mulvey, Atty. Gen. of Connecticut, Hartford, Conn., for defendants.

H. Meade Alcorn, Jr., of Alcorn, Bakewell & Smith, Hartford, Conn., and Prof. James Wm. Moore, New Haven, Conn. (Norman K. Parsells, Bridgeport, Conn., Ralph M. Shulansky, of Shulansky & Cohn, Hartford, Conn., and Ralph G. Elliot, of Alcorn, Bakewell & Smith, Hartford, Conn., on the brief), for intervenors A. Searle Pinney, J. Tyler Patterson, Jr., Frederick Pope, Jr., and Peter P. Mariani.

Leo Parskey, Hartford, Conn., for intervenor John M. Bailey.

John D. Fassett, of Wiggin & Dana, New Haven, Conn., for attempted intervenors Town of Franklin, Town of Salem, Anthony Carboni and Elmer P. Chappell.

Before J. JOSEPH SMITH, Circuit Judge, and ANDERSON* and TIMBERS †, District Judges.

PER CURIAM.

JULY 29, 1964 AMENDMENT TO JUDGMENT

Paragraphs 5, 6 and 7 of the Judgment heretofore entered are amended to read as follows:

(5) That defendants John Dempsey, Ella T. Grasso, Donald J. Irwin and Raymond S. Thatcher, their privies and their successors in office, are enjoined from doing any act or taking any steps in furtherance of nominating or holding elections of senators or representatives to the Senate or House of Representatives of the State of Connecticut, and said defendants are further enjoined from certifying or in any other manner declaring that the results of any such nominations or elections are valid or that the legislature of the State of Connecticut is properly or legally constituted, unless all senators and representatives are nominated and elected to the Senate and House of Representatives of the State of Connecticut pursuant to a redistricting of the Senate and a reapportionment of the House to be effected promptly by the General Assembly so that the voting rights of plaintiffs in the choice of members of both houses as guaranteed by the equal protection clause of the Fourteenth Amendment of the United States Constitution will not be impaired; such redistricting of the Senate and reapportionment of the House by the General Assembly to be done in such manner as to achieve substantially equal weighting of the votes of all voters

* Became Circuit Judge on Aug. 20, 1964.

† Became Chief District Judge on Aug. 20, 1964.

in the choice of members of both houses and in accordance with law.

(6) That execution of the injunction in the foregoing paragraph (5) of this Judgment is stayed so long as the following schedule is adhered to:

(a) A special session of the Connecticut General Assembly convenes no later than during the week commencing on August 3, 1964.

(b) The special session by September 10, 1964, enacts constitutional temporary reapportionment legislation providing for the election of the 1965 General Assembly pending adoption of state constitutional provisions relating to legislative apportionment which comport with federal constitutional requirements, the 1965 General Assembly to convene in January 1965.

(c) This special session by September 10, 1964 enacts an appropriate statute for the convening by November 5, 1964 of a Constitutional Convention, the membership in which shall be determined by November 3, 1964, in accordance with the standards required by the Fourteenth Amendment of the Constitution of the United States, to formulate, as its first order of business, constitutional provisions for:

(1) Districting the Connecticut Senate;

(2) Apportioning the Connecticut House of Representatives;

(3) Mandatory revision of the structure of the General Assembly no less than decennially on the basis of the most recent federal census or federal census data to insure continued compliance with the equal protection clause of the Fourteenth Amendment to the United States Constitution.

(4) Appropriate provision for amending the state constitution not in contravention of the United States Constitution.

(d) The Constitutional Convention by March 1, 1965 formulates the amendments to the Connecticut Constitution specified in paragraph 6(c) and reports such action to the 1965 Connecticut General Assembly.

(e) The 1965 General Assembly submits such amendments to the Connecticut Constitution to vote of the people of Connecticut by April 5, 1965.

(7) The jurisdiction of this action is retained for the entry of such further orders by this Court, including ordering of elections at large, as may be necessary and proper.

## SEPTEMBER 24, 1964 MEMORANDUM RE FURTHER AMENDMENT TO JUDGMENT

On June 22, 1964, in Pinney v. Butterworth, 378 U.S. 564, 84 S.Ct. 1918, 12 L.Ed.2d 1037, the Supreme Court affirmed the judgment of this Court entered March 26, 1964 (Butterworth v. Dempsey, 229 F.Supp. 754, 790–792 (D.Conn.1964) ), which declared unconstitutional the present districting of the Connecticut Senate and the present apportionment of the Connecticut House of Representatives; enjoined any further elections to the Senate or House except elections from the state at large or pursuant to a constitutional redistricting of the Senate and reapportionment of the House; and retained jurisdiction for the entry of further orders "including any order required in the absence of prompt action by the General Assembly" in redistricting the Senate and reapportioning the House following Supreme Court review of this Court's judgment.

In affirming the judgment of this Court, the Supreme Court remanded the case to this Court "for further proceedings, with respect to relief, consistent with the views stated in our opinions in Reynolds v. Sims [377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506] and in the other cases relating to state legislative apportionment decided along with Reynolds." Pinney v. Butterworth, supra. In Reynolds v. Sims, supra at 585, the Supreme Court, on the subject of relief to be granted by the district courts in state legislative apportionment cases,

stated, "It is enough to say now that, once a State's legislative apportionment scheme has been found to be unconstitutional, it would be the unusual case in which a court would be justified in not taking appropriate action to insure no further elections are conducted under the invalid plan."

Upon receipt of the mandate of the Supreme Court and following conferences with counsel, this Court on July 29, 1964, with the consent of all parties to this action, entered an order amending its judgment of March 26, 1964 so as to stay execution of the injunctive provisions thereof provided a special session of the General Assembly would convene the week of August 3, 1964 and by September 10, 1964 would enact (i) constitutional temporary reapportionment legislation for the election of the 1965 General Assembly to convene in January 1965, and (ii) an appropriate statute for the convening by November 5, 1964 of a Constitutional Convention to formulate state constitutional provisions for districting the Senate, apportioning the House, revising decennially the structure of the General Assembly and amending the state constitution by a procedure not in contravention of the United States Constitution.

A special session of the General Assembly did convene August 3, 1964. It adjourned September 10, 1964, however, without enacting any of the legislation referred to above.

The Court was informed on September 11, 1964 at a conference with counsel for all parties, attended by some of the parties as well, that substantial progress was made at the special session in attempting to enact the legislation contemplated by this Court's order of July 29, 1964: agreement was reached on the terms of a Constitutional Convention statute and near-agreement was reached on temporary reapportionment legislation

for the election of the 1965 General Assembly.[1]

The stumbling block, so the Court was informed, to the enactment of legislation in either area was the date upon which election of the 1965 General Assembly should be held. Certain parties, relying on Article Third, Section 7, of the Connecticut Constitution, insisted such election could be held only on November 3, 1964. Other parties, relying on provisions of the Connecticut statutes governing elections and primaries, insisted such statutory provisions could not be complied with if the election were held November 3, 1964.

■ ■ We recognize the desirability of complying with existing state constitutional and statutory provisions with respect to the time and methods of holding elections. Whatever may have been the feasibility of complying with such provisions when our order of July 29, 1964 was entered or while the General Assembly was in special session, we are now confronted with a situation where relief ordered by this Court on March 26, 1964 and affirmed by the Supreme Court on June 22, 1964 is operating to deprive the people of Connecticut of a constitutionally valid legislature because of disagreement among the parties as to a date for electing the 1965 General Assembly.

It is fundamental that state limitations—whether constitutional, statutory or decisional—cannot bar or delay relief required by the federal constitution. This Court, in Valenti v. Dempsey, 211 F.Supp. 911, 913 (D.Conn.1962), held that " * * * under Baker v. Carr [369 U.S. 186, 82 S.Ct. 691, 7 L. Ed.2d 663] * * * [plaintiff] is pressing a federal constitutional right; and if he is correct in his federal constitutional claim, the state constitutional limitation need not be construed as a bar, for no state limitation on legisla-

1. So far as we were advised, the provisions under discussion appeared generally to meet federal constitutional requirements with the probable exception of those which gave consideration to minority representation which varied between communities of different populations.

tive action can prevent relief which the Federal Constitution, as construed by the Supreme Court, requires." Accordingly, we rejected the claim that the Connecticut Senate could be redistricted only by the legislature next after the federal decennial census as provided in Article Third, Section 5, of the Connecticut Constitution, and we reaffirmed that holding in Butterworth v. Dempsey, supra at 760 n. 10: "We hold that the decision of the Supreme Court of Errors in Cahill v. Leopold, 141 Conn. 1, 103 A.2d 818 (1954), cannot bar or delay prompt redistricting of the Senate to comply with federal constitutional requirements." And of course it is elemental that if we have the power to enjoin an election to the General Assembly pursuant to an unconstitutional plan of districting and apportionment, we certainly have the power to approve a special election pursuant to a constitutional redistricting and reapportionment and to allow such election at the earliest practicable date without delay because of state constitutional or statutory limitations. Compare Maryland Committee for Fair Representation v. Tawes, 377 U.S. 656, 84 S.Ct. 1442, 12 L.Ed.2d 595 (1964).

We recognize that the short time now remaining before November 3, the heat of a national election campaign, and the current Congressional debate on the role of the Courts in legislative reapportionment make it a practical impossibility to establish a legal districting and apportionment and provide sufficiently for workable nominating procedures in time for election on November 3. If the present Assembly, however, is reconvened either before or preferably promptly after November 3, it is to be expected that legislation may be enacted to provide a legal Assembly by late January, and a Convention to draw up a permanent constitutional Assembly structure for the future.

■ Accordingly, in view of the commendable efforts of all parties and their counsel in endeavoring to implement the judgment of this Court as amended July 29, 1964, in view of the substantial expenditure of public funds already incurred by the General Assembly in reaching an agreement on the terms of a Constitutional Convention statute and near-agreement on temporary reapportionment legislation and in view of the vital interest of the people of Connecticut in bringing promptly into being a constitutionally valid legislature, we will amend the judgment of this Court entered March 26, 1964 providing for a further stay of execution of injunctive relief under that judgment upon conditions similar to those set forth in this Court's order of July 29, 1964, including the convening of a further special session of the General Assembly for the purposes stated in our order of July 29, 1964 and the holding of a special election of the 1965 General Assembly and delegates to a Constitutional Convention in the light of this memorandum. Injunction against the November 3 Assembly election under the old provisions remains in effect. Proposed dates to be inserted in the amended provisions of the judgment may be submitted by counsel within 10 days.

## OCTOBER 29, 1964 MEMORANDUM RE RELIEF PURSUANT TO MANDATE OF SUPREME COURT

■ This Court is today entering orders designed to assure compliance with the Judgment of this Court, affirmed by the Supreme Court, requiring redistricting of the Senate and reapportionment of the House of Representatives of the State of Connecticut to meet federal constitutional requirements. This Court's mandate is to insure that plaintiffs' right to equal protection of the laws is upheld. This can only be done at this time by redistricting and reapportioning the General Assembly in compliance with the opinions of the Supreme Court. Our action today still affords opportunity to the legislature to perform what is primarily the duty of the legislature—to reapportion itself. Our action today, however, provides for reapportionment by the Court, if legislative action fails.

■■ The permanent structure of the General Assembly, to assure the people of the state a legislature that will meet the state's needs for the future and guard against recurrence, through long inaction, of the denial of constitutional rights to some of its people, is a matter for the people to determine. The proposed Constitutional Convention, to be structured in accordance with constitutional principles by the General Assembly, appears to be an appropriate method for developing and submitting to the people a proposal, or indeed alternative proposals, for such a permanent structure. Matters to be decided by the Convention include the number of houses of the legislature, number of members, length of terms, age and other qualifications of members and frequency of sessions —all of which are political judgments in the end to be made by the people.

■ It has been determined that the courts must use their powers as courts of equity to enforce the rights of the plaintiffs and those similarly situated even though it involves the deciding of political questions by the courts. Such determinations will be made when necessary, but only when the political branches fail to make them and then only to the extent necessary to enforce the plaintiffs' rights.

■ Today's further amendment to the Judgment of this Court is in accordance with our decision of September 24, 1964. It provides for a further partial stay of execution of the injunctive provisions of our Judgment upon conditions similar to those set forth in our order of July 29, 1964 which was entered with the consent of all parties to this action. It contemplates that a further special session of the General Assembly will convene no later than November 16, 1964 and by January 30, 1965 will enact (i) constitutional temporary reapportionment legislation for election of the next General Assembly at a special or regular election to be held in 1965, and (ii) an appropriate statute for election of delegates to a Constitutional Convention at a special or regular election to be held in 1965 to formulate state constitutional provisions for districting the Senate, apportioning the House, revising decennially the structure of the General Assembly and amending the state constitution by a procedure not in contravention of the United States Constitution, such proposed constitutional amendments to be submitted to a vote of the people of Connecticut in 1965.[1]

So long as the foregoing schedule is adhered to, the 1963 General Assembly, pursuant to Article Third, Section 9, of the Connecticut Constitution, is authorized to hold over with full power to perform all legislative functions until the next General Assembly convenes.

■ Our order that a special master be appointed to formulate a plan for redistricting the Senate and reapportioning the House is to enable the Court itself temporarily to reapportion the legislature, if legislative action is not completed, or to have available an alternative plan if legislative action results in a plan of reapportionment which does not comply with federal constitutional requirements. The report of the special master which is to be filed should enable the Court to enter an appropriate decree, if need be, providing for the election of a constitutional legislature in 1965.

This Court has repeatedly stressed its preference that reapportionment of the legislature be done by the legislature it-

1. A further special session of the General Assembly did convene November 10, 1964. On January 5, 1965 the General Assembly enacted and the Governor approved a constitutional convention statute (Public Law No. 1). On January 22, 1965 the General Assembly enacted and the Gov-ernor approved a statute redistricting the Senate and reapportioning the House (Public Law No. 2). See January 22, 1965 Memorandum On Motion For Approval Of Action Of General Assembly, infra p. 313.

self rather than by the Court.[2] We still prefer it that way. But the hour is late. And we now believe, in view of the ample and repeated opportunities

2. On December 20, 1962 in Valenti v. Dempsey, 211 F.Supp. 911, 913 (D.Conn. 1962), we stated:

> "And we trust the court can also count on the co-operation and assistance of the Chief Executive and the General Assembly in reaching for the correct solution. Indeed we are happy that, under the settled principles of law we are following, we need not view the state organs of government as adversaries to be given harsh mandates, but can instead look for their co-operative effort toward solving probably the most difficult governmental problem of our age."

On February 10, 1964 in the instant case, Butterworth v. Dempsey, 229 F.Supp. 754, 765 (D.Conn.1964), aff'd sub nom. Pinney v. Butterworth, 378 U.S. 564, 84 S.Ct.1918, 12 L.Ed.2d 1037 (1964), we renewed the invitation:

> "For obvious reasons we would prefer to have the necessary redistricting of the Senate and reapportionment of the House done by or under the direction of the General Assembly than by the Court. But the hour is late. And we cannot blind ourselves to the deadlock of many years within the legislature over the issue. Hardly a year ago this Court invited the Governor and General Assembly to cooperate with and assist the Court 'toward solving probably the most difficult governmental problem of our age.'
>
> "The 1963 session of the legislature adjourned without acting on the problem.
>
> "We therefore feel constrained to proceed without further delay with the schedule outlined above to formulate and execute our decree, absent prompt legislative action. We shall continue, however, to hope for legislative action. And if at any time the Governor should call the General Assembly into special session for the purpose of formulating plans to redistrict the Senate and reapportion the House, and if the General Assembly gives evidence satisfactory to this Court of its intention to act to bring the representation in both houses within federal constitutional dimensions, we shall gladly stay further proceedings in this Court to give the legislature a reasonable opportunity to perform the duty which is rightly that of the legislature to perform. In this connection we renew the invitation which Judge Clark extended on December 29, 1962."

On March 26, 1964 in our memorandum on the form of judgment in the instant case, Butterworth v. Dempsey, supra at 792, we again urged the General Assembly to act:

> "We repeatedly have stated our hope and preference that the necessary redistricting of the Senate and reapportionment of the House be done by the General Assembly rather than by this Court. We still entertain that hope and preference. If confronted, however, with a persistent refusal on the part of the General Assembly to act, we certainly have the power, and may well be under a duty, affirmatively, by a plan formulated by this Court if necessary, to order a redistricting of the Senate and a reapportionment of the House. We devoutly hope it will not be necessary for us to exercise that power. If it becomes necessary, we will not hesitate."

Still again, on July 29, 1964, following a conference held at the express request of the Governor and with the consent of all parties to this action, we entered an order staying execution of the injunctive provisions of our Judgment to permit a special session of the General Assembly to reapportion itself and to convene a Constitutional Convention.

On September 24, 1964, following another conference held at the express request of the Attorney General and attended by the Governor on the day following the adjournment of the special session without enacting any legislation, we filed a per curiam opinion in which we stated:

> "If the present Assembly, however, is reconvened either before or preferably promptly after November 3, it is to be expected that legislation may be enacted to provide a legal Assembly by late January, and a Convention to draw up a permanent constitutional Assembly structure for the future.
>
> "Accordingly, in view of the commendable efforts of all parties and their counsel in endeavoring to implement the judgment of this Court as amended July 29, 1964, in view of the substantial expenditure of public funds already incurred by the General Assembly in reaching an agreement on the terms of a Constitutional Convention statute and near-agreement on temporary reapportionment legislation and in view of the vital interest of the people of Connecticut in bringing promptly into being a constitutionally valid legislature,

which have been afforded to the legislature to perform what is primarily its function of reapportioning itself, that we as a Court must act if the legislature does not succeed in doing so. Hence our appointment of a special master to aid the Court in discharging its duty if further opportunity to the legislature to perform the task proves fruitless.

■■■ Finally, we have entered an order joining Fred J. Doocy, Peter P. Mariani, J. Tyler Patterson, Jr. and William T. Shea, who are members and leaders of the majority and minority parties of the present Senate and House of Representatives, respectively, as parties defendant, to represent all members of the Senate and House, respectively, as classes herein. This is to enable the Court effectively, if necessary, to enjoin action by the unconstitutionally districted Senate and the unconstitutionally apportioned House.

The action by the Court today grants, to the extent indicated in the amended judgment and orders entered, certain of the relief sought by the parties. To the extent not granted and not withdrawn in open court, plaintiffs' motion and defendants' motion for immediate relief and stay are denied.

### OCTOBER 29, 1964 FURTHER AMENDMENT TO JUDGMENT

Paragraphs 5, 6 and 7 of the Judgment of this Court entered March 26, 1964 are further amended to read as follows:

(5) That defendants John Dempsey, Ella T. Grasso, Donald J. Irwin and Raymond S. Thatcher, their privies and their successors in office, are enjoined

from doing any act or taking any steps in furtherance of nominating or holding elections of senators or representatives to the Senate or House of Representatives of the State of Connecticut; said defendants are further enjoined from certifying or in any other manner declaring that the results of any such nominations or elections are valid or that the legislature of the State of Connecticut is properly or legally constituted; and defendants Fred J. Doocy, Peter P. Mariani, J. Tyler Patterson, Jr. and William T. Shea, their privies and their successors in office, including all members of the Senate and House of Representatives of the State of Connecticut, are enjoined from doing any act or taking any steps in furtherance of the legislative functions of the General Assembly of the State of Connecticut unless all senators and representatives are nominated and elected to the Senate and House of Representatives of the State of Connecticut pursuant to a redistricting of the Senate and a reapportionment of the House to be effected promptly by the General Assembly so that the voting rights of plaintiffs in the choice of members of both houses as guaranteed by the equal protection clause of the Fourteenth Amendment of the United States Constitution will not be impaired; such redistricting of the Senate and reapportionment of the House by the General Assembly to be done in such manner as to achieve substantially equal weighting of the votes of all voters in the choice of members of both houses and in accordance with law.

(6) That execution of that portion of the injunction in the foregoing paragraph (5) of this Judgment restraining the

---

we will amend the judgment of this Court entered March 26, 1964 providing for a further stay of execution of injunctive relief under that judgment upon conditions similar to those set forth in this Court's order of July 29, 1964, including the convening of a further special session of the General Assembly for the purposes stated in our order of July 29, 1964 and the holding of a special election of the 1965 General As-

sembly and delegates to a Constitutional Convention in the light of this memorandum."

The Further Amendment To Judgment which has been entered today constitutes, therefore, at least the sixth formal invitation by this Court to the Governor and the General Assembly to perform their duty of providing the people of Connecticut with a constitutionally valid legislature.

General Assembly from carrying on its legislative functions is stayed and the 1963 General Assembly, pursuant to Article Third, Section 9, of the Connecticut Constitution, is permitted to hold over with full power to perform all legislative functions until the next General Assembly convenes as herein provided, so long as the following schedule is adhered to:

(a) A special session of the Connecticut General Assembly convenes no later than November 16, 1964.

(b) The General Assembly by January 30, 1965 enacts constitutional temporary reapportionment legislation providing for the election of the next General Assembly at a special or regular election to be held in 1965, pending adoption of state constitutional provisions relating to legislative apportionment which comport with federal constitutional requirements.

(c) The General Assembly by January 30, 1965 enacts an appropriate statute for the convening of a Constitutional Convention, the membership of which shall be determined at a special or regular election to be held in 1965, in accordance with the standards required by the Fourteenth Amendment of the United States Constitution; the Constitutional Convention to formulate, as its first order of business, constitutional provisions for:

(1) Districting the Connecticut Senate;

(2) Apportioning the Connecticut House of Representatives;

(3) Mandatory revision of the structure of the General Assembly no less than decennially on the basis of the most recent federal census or federal census data to insure continued compliance with the equal protection clause of the Fourteenth Amendment of the United States Constitution;

(4) Appropriate provision for amending the state constitution not in contravention of the United States Constitution.

(d) The Constitutional Convention formulates the amendments to the Connecticut Constitution specified in paragraph 6(c) and reports such amendments to the Secretary of the State who shall submit such amendments to a vote of the people of Connecticut in 1965.

(7) The jurisdiction of this action is retained for the entry of such further orders by this Court, including ordering of elections at large, as may be necessary and proper.

## OCTOBER 29, 1964 ORDER JOINING LEADERS OF SENATE AND HOUSE OF REPRESENTATIVES AS PARTIES DEFENDANT

The Court being of the opinion that, in order effectively to enjoin action by the unconstitutionally districted Senate and the unconstitutionally apportioned House of Representatives, it is necessary to join members of both houses of the General Assembly as parties defendant in this action; and

The Court being further of the opinion that the members of each house of the General Assembly constitute a class so numerous as to make it impracticable to bring them all before the Court and that two members of each house who are the leaders of the majority and minority parties in each house will fairly insure the adequate representation of all members of each house for purposes of this action; it is

Ordered that Fred J. Doocy, of South Windsor, Connecticut, president pro tempore of the Senate, and Peter P. Mariani, of Groton, Connecticut, minority leader of the Senate, be, and the same hereby are, joined as parties defendant as representatives of all members of the Senate as a class herein; and it is further

Ordered that J. Tyler Patterson, Jr., of Old Lyme, Connecticut, speaker of the House of Representatives, and William T. Shea, of Meriden, Connecticut, minority leader of the House of Representatives, be, and the same hereby are, joined as parties defendant as representatives of all members of the House of

Representatives as a class herein; and it is further

Ordered that the United States Marshal be, and he hereby is, directed forthwith to make personal service of certified copies of this order on said Fred J. Doocy, Peter P. Mariani, J. Tyler Patterson and William T. Shea.

## OCTOBER 29, 1964 ORDER THAT SPECIAL MASTER BE APPOINTED

Plaintiffs having moved, pursuant to Rule 53, Fed.R.Civ.P., and pursuant to the suggestion of this Court in its opinion of February 10, 1964 (229 F.Supp. 754, 765), for appointment of a special master to formulate, under instructions from the Court, a plan for redistricting the Senate and reapportioning the House of Representatives of the State of Connecticut; and

The Court having heard argument of counsel and having received and considered their written memoranda concerning said motion; and

The Court being of the opinion that this is an exceptional case in which it is appropriate that the Court appoint a special master to aid the Court in discharging its responsibility, if need be, to provide for temporary constitutional redistricting of the Senate and reapportionment of the House of Representatives pending adoption of state legislation and amendments to the state constitution relating to legislative apportionment which comport with federal constitutional requirements; it is

Ordered as follows:

(1) That a special master be appointed to formulate a plan for redistricting the Senate and reapportioning the House of Representatives in accordance with the following instructions.

(2) With respect to the Senate, the plan to be formulated by the special master shall be based upon the following considerations:

(a) There shall be 36 senatorial districts.

(b) Each district shall be composed of contiguous territory only.

(c) Each district shall be as compact as possible as is consistent with the equal population considerations specified in subparagraph (d) which immediately follows.

(d) Each district insofar as practicable shall be of substantially equal population and shall be formed so as to result in the minimum deviation from the population norm for each district consistent with the consideration of maximum compactness specified in subparagraph (c) above.

(e) Each district shall be formed without regard to county lines.

(3) With respect to the House of Representatives, the plan to be formulated by the special master shall be based upon the following considerations:

(a) There shall be 200 house districts.

(b) Each district shall be as compact as possible as is consistent with the equal population considerations specified in subparagraph (c) which immediately follows.

(c) Each district insofar as practicable shall be of substantially equal population and shall be formed so as to result in the minimum deviation from the population norm for each district consistent with the consideration of maximum compactness specified in subparagraph (b) above.

(d) Each district containing more than one town shall be composed of contiguous towns only and shall be as compact as possible as is consistent with the equal population considerations specified in subparagraph (c) above.

(4) The special master shall give consideration to the feasibility and advisability of utilizing an appropriate electronic computer technique to minimize partisanship in redistricting the Senate and reapportioning the House and, if the special master determines that utilization of such computer technique will be feasible and advisable, he may apply to the Court for authorization to engage the services of competent computer personnel.

(5) The special master shall proceed in accordance with Rule 53, Fed. R.Civ.P., insofar as applicable.

(6) The compensation to be allowed to the special master shall be fixed by the Court upon application by him promptly after the filing of his report and the completion of his services. In addition, the special master shall be reimbursed for all reasonable expenses necessarily incurred by him in the discharge of his responsibilities under this order. The compensation and expenses of any computer personnel shall be authorized by this Court before such personnel is engaged. All compensation and expenses of the special master and of any computer personnel shall be taxed as costs in this action against the defendants John Dempsey, Ella T. Grasso, Donald J. Irwin and Raymond S. Thatcher, or their successors in office, in their official capacities.*

### JANUARY 22, 1965 MEMORANDUM ON MOTION FOR APPROVAL OF ACTION OF GENERAL ASSEMBLY

Defendants and Intervenors have moved for approval of the constitutionality of Public Acts 1 and 2, so far as they provide for reapportioning the House of Representatives and redistricting the Senate. No party has pointed out any respect in which these Acts fail to comply with the requirements of the Constitution of the United States. We have therefore amended the judgment to terminate the restraint on the carrying on of the legislative functions of the General Assembly. The 1963 legislature is free to function fully as a legal General Assembly, its successor to be elected at the regular election in 1966. The special master has been instructed to suspend any further action on his part. Jurisdiction is retained.

Ordered accordingly.

* Mr. Morris S. Davis, Director of the Yale University Computer Center, was appointed Special Master, Nov. 18, 1964.